# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY L. JORDAN, | ) |
| Petitioner/Defendant, | ) |
| vs. | ) CIVIL NO. 08-cv-175-JPG |
| | ) CRIMINAL NO. 03-cr-40053 |
| UNITED STATES of AMERICA, | ) |
| Respondent/Plaintiff. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. In an open plea, Petitioner pleaded guilty to one count involving conspiracy to distribute crack cocaine. He was sentenced to 262 months imprisonment, ten years supervised release, a fine of $500, and a special assessment of $100. On appeal, Petitioner challenged the reasonableness of his sentence, the disparity between sentences for crack cocaine and powder cocaine,[1] and the use of a prior conviction to enhance his sentence. He also challenged one condition of his supervised release – that he participate in a drug or alcohol abuse treatment program. *United States v. Jordan*, 485 F.3d 982 (7th Cir.), *cert. denied*, 128 S.Ct. 312, *reh'g denied,* 128 S.Ct. 827 (2007). Each of these arguments was rejected; his conviction and sentence were affirmed. *Id.* at 985. On March 6, 2008, Petitioner filed the instant motion under § 2255.

---

[1] This claim is now being revisited within the criminal case pursuant to the December 2007 retroactive change in the sentencing guidelines.

In this motion, Petitioner raises just one ground for relief: he asserts that trial counsel was ineffective in giving him erroneous advice about his potential sentence when considering whether to proceed to trial or enter a guilty plea. Counsel's initial calculation was a maximum sentence of 188 months if Petitioner pleaded guilty, rather than a likely 188-262 month range if he went to trial. Unfortunately, Petitioner's prior criminal history required a minimum 20-year sentence, so even with his guilty plea, he ended up with a 262-month sentence. Petitioner now claims that had he received accurate advice from counsel, he would have proceeded to trial.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**Dated: November 21, 2008.**

                 **s/ J. Phil Gilbert**
                 **U. S. District Judge**