UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LARRY L. JORDAN,**

       **Petitioner/Defendant,**

vs.

**UNITED STATES OF AMERICA,**

       **Respondent/Plaintiff.**

**CIVIL NO. 08-CV-175-JPG**

**CRIMINAL NO. 03-CR-40053**

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Larry L. Jordan (Doc. 1). The government responded to the Petitioner's Motion. For the following reasons, the court DENIES the Motion.

### BACKGROUND

I.     **Procedural Posture**

Petitioner was indicted on July 8, 2003, in the United Stated District Court for the Southern District of Illinois for conspiracy to distribute a mixture and substance containing cocaine base, "crack cocaine," in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(C), and § 846. On June 16, 2004, an Information to Establish Prior Conviction was filed, pursuant to 21 U.S.C. § 851. Petitioner entered an open plea of guilty on June 17, 2004. On June 22, 2004, Petitioner's attorney filed a motion to withdraw guilty plea. Petitioner's attorney, Justin Kuehn, stated in the motion that he had wrongfully advised Petitioner regarding a mandatory minimum sentence. On July 8, Petitioner withdrew his motion to withdraw guilty plea.

1

Petitioner was sentenced on May 31, 2005. The Court sentenced Petitioner to 262 months imprisonment, a fine of $500, a special assessment of $100, and ten years supervised release. Petitioner was also ordered to participate in treatment for narcotic or alcohol addiction upon his release from prison. On appeal, Petitioner argued the following : 1) the Court was not adequately justified in ordering him to participate in alcohol/narcotic addiction program because he does not use alcohol or drugs, 2) the Court improperly based his sentence on a prior conviction, 3) the Court did not take into account the disparity between guideline ranges for crack offenses and powder cocaine offenses, 4) his sentence was unreasonable under *U.S. v. Booker*, 543 U.S.220 (2005). The Seventh Circuit affirmed his conviction and sentence on May 11, 2007. *United States v. Jordan*, 485 F.3d 982 (7th Cir. 2007). The Supreme Court denied Petitioner's application for a *writ of certiorari* on October 1, 2007. *United States v. Jordan*, 128 S.Ct. 312 (2007), *reh'g denied*, 128 S.Ct. 827 (2007). On March 6, 2008, Petitioner filed this timely motion pursuant to 28 U.S.C. § 2255.

II.     Facts

The Government filed a § 851 enhancement one day prior to Petitioner's change of plea hearing. At the plea hearing, Attorney Kuehn asked for a moment to explain the § 851 enhancement to Petitioner before Petitioner entered his guilty plea. Attorney Kuehn told Petitioner the § 851 enhancement meant Petitioner's sentencing range would be zero to thirty years, but it would not affect Petitioner's statutory minimum sentence.

Petitioner stated to the Court that he wished to plead guilty. Additionally, Petitioner stated that he understood the Court could not determine what guidelines applied to Petitioner's sentence until the Court reviewed the Presentence Investigation Report. The Court asked

2

Attorney Kuehn for Petitioner's position on relevant conduct. Attorney Kuehn answered as follows:

> To be as candid as I can, I've talked with Mr. Jordan at length about this. He understands that the weight will affect what sentence he receives. We've gone through some possibilities depending on how the weight comes out, but before I look at the presentence report myself, I, quite frankly, don't know exactly what it's going to come out yet either.

Immediately after the plea hearing, Attorney Kuehn consulted with colleagues and determined that Petitioner's sentence would likely be between 20 and 30 years. Petitioner's mandatory minimum sentence would be 20 years if the Court found that Petitioner's offense involved more than 50 grams of crack cocaine. Attorney Kuehn contacted Petitioner, and Petitioner decided to withdraw his guilty plea and proceed to trial. On June 22, 2004, Petitioner filed a motion to withdraw his guilty plea.

On July 8, 2004, Attorney Kuehn, Petitioner, and Assistant U.S. Attorney Amanda Robertson were present for the hearing on the motion to withdraw guilty plea. Attorney Kuehn informed the Court that Petitioner had reconsidered withdrawing his guilty plea. The Supreme Court had issued *Blakely v. Washington* on June 24, 2004. In *Blakely*, the Supreme Court held that a trial court could not enhance a statutory maximum sentence based on factual issues not determined by the jury. *Blakely v. Washington*, 542 U.S. 296 (2004). Attorney Kuehn explained to the Court that ultimately, the Supreme Court may find that the *Blakely* ruling also applied to statutory minimum sentences. If so, the Court would not be able to impose a statutory minimum on Petitioner based on the Court finding that more than 50 grams of crack cocaine were involved in Petitioner's offense. Attorney Kuehn had explained his reasoning to Petitioner. In addition,

Attorney Kuehn had advised Petitioner there was a possibility he might face a superseding indictment if he withdrew his guilty plea.

Under the circumstances, Petitioner informed the Court that he wanted to persist with his guilty plea. Attorney Kuehn advised the Court that Petitioner understood that a guilty plea was a "roll of the dice," because it was too early to know if the Supreme Court would apply the *Blakely* decision to statutory minimum sentences. The Court asked Petitioner if he understood that under the circumstances, persisting with a guilty plea was a "roll of the dice." Petitioner answered affirmatively. The Court asked Petitioner if he understood that, ultimately, he may face a statutory minimum sentence of 20 years if he persisted with his guilty plea. Again, Petitioner answered affirmatively.

At the sentencing hearing, Attorney Kuehn argued the statutory 20-year mandatory minimum should not be applied to Petitioner's sentence because of the Supreme Court's then-recent decisions in *Blakely v. Washington* and *United States v. Booker*. Attorney Kuehn contended that the Court could not constitutionally impose the mandatory minimum upon Petitioner based upon a finding by the Court that more than 50 grams of crack cocaine were involved in Petitioner's offense.

The Court rejected this argument. The Court found that Petitioner's offense involved at least 500, but less than 1,500, grams of crack cocaine, and that the 20-year mandatory minimum applied because Petitioner's offense involved more than 50 grams of crack cocaine. In addition, the Court also found that overwhelming evidence showed Petitioner possessed a firearm during the commission of the drug offense. Consequently, Petitioner's total offense level was 35 and his Criminal History Category was three, resulting in a guideline range of 210-262 months

imprisonment under USSG 32D1.1. Because of the mandatory minimum, Petitioner's effective guideline range was 240-262 months, as determined by USSG § 5G1.1(b).The United States recommended that Petitioner should receive the high end of the sentencing range, based on several factors: 1) Petitioner used his firearm to make threats in the presence of a young child and 2) Petitioner's Criminal History Category did not reflect a prior domestic battery judgment. The Court sentenced Petitioner to 262 months, and stated that even if the statutory 20-year mandatory minimum did not apply, Petitioner would still be sentenced to the high end of the guideline range.

## ANALYSIS

The Court must grant a Section 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Accordingly, habeas corpus relief under a Section 2255 motion is reserved for exceptional circumstances. *Hays v. United States*, 397 F.3d 564, 566 (7th Cir. 2005), (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)). Furthermore, it is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Constitutional issues that could have been raised in a direct appeal are not appropriate for a § 2255 petition, unless the petitioner shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Ineffective assistance of counsel claims may be brought in § 2255 petitions, whether or not they could have been raised on direct

5

appeal. *Id*. In this petition, Petitioner contends his attorney, Justin A. Kuehn, was constitutionally deficient in two ways: 1) Kuehn advised Petitioner to plead guilty to conspiracy to distribute crack cocaine and 2) Kuehn advised Petitioner not to withdraw that guilty plea after *Blakely v. Washington* was issued.

## I. Ineffective Assistance of Counsel Claims

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The accused is likewise guaranteed the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). On a § 2255 motion claiming ineffective assistance of counsel, a petitioner must show the following: 1) counsel's performance was unreasonable under "prevailing professional norms" and 2) the petitioner was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). Petitioner must meet both prongs of the *Strickland* test. *Bynum v. Lemmon*, 560 F.3d 678, 684 (7th Cir. 2009) (citing *Strickland*, 466 U.S. at 687-96).

For a petitioner who pled guilty, a § 2255 motion based on ineffective assistance of counsel must show 1) "counsel's performance fell below an objective standard of reasonableness" and 2) "there is a reasonable probability, but for counsel's errors, the defendant would not have pled guilty and insisted on going to trial." *Bethel v. United States* 458 F.3d 711, 716-17 (7th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 57-9 (1985)). There is a presumption that counsel's performance was reasonably proficient. *Id*. at 718 (citing *Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2001)). As with any ineffective assistance of counsel claim, the Court will not become a "Monday-morning quarterback" when evaluating an

6

attorney's performance. *United States v. Malone*, 484 F.3d 916, 920 (7th Cir. 2007) (citing *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990)).

A. **Counsel's advice to plead guilty**

Petitioner argues that he received ineffective assistance of counsel when Attorney Kuehn advised Petitioner to plead guilty, because Kuehn failed to discover Petitioner faced a potential 20-year mandatory minimum sentence. To show ineffective assistance of counsel, Petitioner must first show that Attorney Kuehn's advice was objectively unreasonable. *Bethel*, 458 F.3d at 716. When advising a criminal defendant to plead guilty, counsel's performance is reasonable if counsel makes a "good faith analysis of all of the relevant facts and applicable legal principles." *Moore v. Bryant*, 348 F.3d 238, 242 (7th Cir. 2003). Before advising his client to plead guilty, an objectively reasonable attorney may perform a good faith analysis to calculate his client's sentence, and yet still make a mistake. *Bethel*, 458 F.3d at 718.

While counsel's "gross mis-characterization of the sentencing consequences of a plea" may strongly indicate counsel's performance was objectively unreasonable, it is not conclusive. *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005) (citing *United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996)). Negligence does not indicate an attorney failed to make a good faith analysis. *Id*. Therefore, "an inaccurate prediction alone" is not enough to establish that counsel's performance was objectively unreasonable. *Bethel*, 458 F.3d at 717 (citing *Barnes*, 83 F.3d at 940). The decision to plead involves the possibility that the attorney advising the defendant may be mistaken regarding the facts of the case, "or as to what a court's judgment might be on the facts." *Id*. (citing *McMann*, 397 U.S. at 770). A court may weigh the magnitude of the error when determining if the advice an attorney gave the defendant was "reasonably

7

competent." *Julian v. Bartley* 495 F.3d 487, 495 (7th Cir. 2007) (citing *McMann*, 397 U.S. at 769-71).

In the instant petition, Petitioner contends that Attorney Kuehn unreasonably advised him regarding the sentencing consequences of pleading guilty. Attorney Kuehn advised Petitioner that the Information to Establish Prior Conviction only raised Petitioner's maximum sentence to thirty years, and did not affect Petitioner's minimum sentence. Nonetheless, when Petitioner was sentenced on May 31, 2005, the Court applied a statutory minimum of 20-years.

Attorney Kuehn's performance was not objectively unreasonable unless he failed to make a good faith analysis of the applicable facts and law. While Attorney Kuehn mischaracterized the existence of a mandatory minimum sentence, he did not grossly mischaracterize the sentencing consequences of pleading guilty. During Petitioner's change of plea hearing on June 17, 2004, Attorney Kuehn stated that he and Petitioner previously discussed how the weight of crack cocaine involved would affect Petitioner's sentence. Attorney Kuehn further acknowledged that until he was able to review the Presentence Investigation Report, he could only make limited predictions about Petitioner's sentence.

While Attorney Kuehn wrongfully advised Petitioner he did not face a mandatory minimum, the record of the plea hearing on June 17, 2004 shows Attorney Kuehn made a good faith attempt to apply the relevant legal principles and facts. As a result of that good faith attempt, Attorney Kuehn correctly advised Petitioner of the following: 1) his sentence would not be more than 30 years imprisonment, and 2) the sentence he received would be dependent upon the weight of crack cocaine involved in his offense. Ultimately, this advice was accurate. Petitioner was sentenced to 262 months imprisonment. As Attorney Kuehn advised, Petitioner's

sentence was affected by the amount of weight the Court found was involved in Petitioner's offense. The Court found that Petitioner's offense involved more than 50 grams of crack cocaine. Consequently, Petitioner's sentencing guideline range was 210-262 months and his mandatory minimum was 20 years.

Finally, the Court may weigh the magnitude of Attorney Kuehn's error to determine if his advice was reasonably competent. At Petitioner's sentencing hearing, the Court found that regardless of the mandatory minimum, Petitioner would still be sentenced to the high end of his sentencing range. Thus, Attorney Kuehn's error was immaterial. Because Petitioner failed to show that Attorney Kuehn's performance was objectively unreasonable, Petitioner has not met the first prong of the *Strickland* test. Accordingly, the Court rejects Petitioner's claim that Attorney Kuehn was constitutionally deficient by advising Petitioner to plead guilty.

**B.     Counsel's advice to withdraw motion to withdraw guilty plea**

Petitioner next argues that he received ineffective assistance of counsel when Attorney Kuehn advised him not to withdraw his guilty plea. Again, Petitioner must show that Attorney Kuehn's advice was objectively unreasonable. *Bethel*, 458 F.3d at 716. In the context of guilty pleas, "the salient question is whether counsel undertook a good-faith effort to determine the applicable facts and estimate the sentence."*Id*. at 717.

In the instant petition, Petitioner has not shown, or even alleged, that Attorney Kuehn failed to learn all of the facts of the case and make an estimate of the likely sentence. After Petitioner pled guilty, Attorney Kuehn consulted with colleagues and determined that Petitioner was facing a statutory 20-year mandatory minimum. Attorney Kuehn communicated that

information to Petitioner, and Petitioner determined he wanted to withdraw his guilty plea. Accordingly, Attorney Kuehn filed a motion to withdraw guilty plea.

However, before the hearing for the motion to withdraw Petitioner's guilty plea, the Supreme Court decided *Blakely v. Washington*. Attorney Kuehn explained to Petitioner the *Blakely* decision might mean that the 20-year minimum would not apply to Petitioner's sentence. Additionally, Attorney Kuehn explained to Petitioner that a superseding indictment was a possibility if Petitioner changed his plea to not guilty. Consequently, at the hearing for the motion to withdraw guilty plea, Petitioner withdrew his motion to withdraw his guilty plea.

It is clear from the record that Attorney Kuehn was reasonably competent in his performance from the time Petitioner originally pled guilty, to the time Petitioner withdrew his motion to withdraw his guilty plea. At each stage, Attorney Kuehn made a good faith analysis of the law and facts, and reported the results of that analysis to Petitioner. Attorney Kuehn could not foresee how *Blakely* would later be applied, just as he could not foresee the determination the Court would make regarding the weight of crack cocaine involved in Petitioner's offense. Instead, Attorney Kuehn made predictions based on the law and facts, and communicated to Petitioner that it was in his best interest to plead guilty. Furthermore, Attorney Kuehn communicated to Petitioner that he could not know for certain how the Court would sentence Petitioner if he persisted with a guilty plea.

Therefore, Attorney Kuehn performed in a reasonably competent manner when he advised Petitioner to withdraw his motion to withdraw guilty plea. Because the record clearly shows that Attorney Kuehn performed in an objectively reasonable manner, Petitioner has not satisfied the

first prong of the *Strickland* test. Petitioner's claim that he received ineffective assistance of counsel in violation of his Sixth Amendment rights is without merit.

## CONCLUSION

As the motion, records, and files of the case conclusively show Petitioner is not entitled to relief under 28 U.S.C. § 2255, an evidentiary hearing is not necessary. The Court **DENIES** the Petition for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (Doc. 1). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: June 10, 2009**

                s/ J. Phil Gilbert
                **J. Phil Gilbert**
                **District Judge**